IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| BTL INDUSTRIES INC, <br><br> Plaintiff, <br><br> v. <br><br> REJUVA FRESH LLC, <br><br> Defendant. | C.A. No.: 1:23-cv-00032 |

# DEFENDANT'S MOTION TO DISMISS CLAIMS OF INDIRECT INFRINGEMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Rejuva Fresh, LLC moves to dismiss portions of the Amended Complaint (hereinafter the "Complaint) filed by BTL Industries Inc.. The Complaint does not support a plausible claim for indirect infringement for multiple reasons: (1) it fails to plead pre-suit knowledge of the patents that are alleged to be indirectly infringed; (2) it fails to identify actions by defendant to encourage direct infringement; and (3) it fails to provide any plausible factual allegations to support the specific intent required for induced infringement. For at least these reasons, BTL Industries Inc's induced infringement allegations should be dismissed with prejudice.

1. **Statement of Facts**

Plaintiff BTL Industries, Inc. (hereinafter "BTL") filed their original complaint against Rejuva Fresh, LLC (hereinafter "Rejuva") on January 17, 2023 alleging infringement of U.S. Patent Nos. 10,478,634 ("the '634 Patent"); 10,695,575 ("the '575 Patent"); 11,266,852 ("the '852

1

Patent"); 9,636,519 ("the '519 Patent"); and 10,596,386 ("the '386 Patent") (collectively, the "Asserted Patents"). The original complaint asserts direct infringement and indirect induced infringement for the '852 Patent, '519 Patent, and '386 Patent, and asserts solely induced infringement for the '575 Patent and '634 Patent. On March 21, 2023, BTL filed an amended complaint against Rejuva realleging its claims for infringement of the Asserted Patents.

## 2. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

For claims of induced infringement specifically, the complaint must plead facts that plausibly show the defendant: "(1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement." *Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. W:13-cv-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014) (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir.

2006)). Moreover, "[t]he mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven." *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1364 (Fed. Cir. 2017). There must be some showing by the Plaintiff of the accused infringer's "inducement must involve the taking of affirmative steps to bring about the desired result" [of infringement]. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 760, 131 S. Ct. 2060, 2065, 179 L. Ed. 2d 1167 (2011). "To satisfy the second element of induced infringement, the complaint must allege facts demonstrating that the defendant specifically intended that a third-party infringe the patent." *Copan Italia S.p.A. v. Puritan Med. Prod. Co. LLC*, No. 1:18-CV-00218-JDL, 2018 WL 5891742, at *4 (D. Me. Nov. 9, 2018). "The Plaintiff's Complaint must contain facts plausibly showing that the Defendant specifically intended its customers to infringe … and knew that the customers' acts constituted infringement." *Select Retrieval, LLC v. L. L. Bean, Inc.*, No. 2:12-CV-00003-NT, 2012 WL 5381503, at *4 (D. Me. Oct. 31, 2012)(citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed.Cir.2012)).

Where there are substantial non-infringing uses of an infringing product, intent to induce infringement cannot be inferred, even where the defendant has actual knowledge that some users may be infringing the patent. *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1329 (Fed. Cir. 2009) (citing *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1365 (Fed. Cir. 2003)).

### 3. The Complaint Fails to Adequately Plead Induced Infringement

The Complaint fails to set forth a plausible claim for induced infringement because it does not allege facts that plausibly show the Defendant knowingly induced a third party to infringe the patent or that Defendant had specific intent to cause another to directly infringe.

      a.   The Complaint Fails to Plead Pre-Suit Knowledge of the Patents-In-Suit

BTL has failed to establish any pre-suit knowledge of any claim of infringement by Rejuva of the patents-in-suit. BTL makes no mention of any correspondence alleging that Rejuva infringes any patents involved in this suit. While BTL sent Rejuva a letter on July 14, 2022, no mention is made of any of the patents-in-suit, nor is there any mention of patent infringement whatsoever. (Exhibit 1). At best, BTL relies on post-complaint knowledge of the patents-in-suit. However, allegations of post-suit knowledge are insufficient to establish the knowledge requirement for an induced infringement claim. *Zond, Inc. v. Fujitsu Semiconductor Ltd.*, 990 F. Supp. 2d 50, 57 (D. Mass. 2014)("Whilst as a practical matter the argument for post-filing knowledge makes considerable sense, given the ethical requirements of the Federal Rules of Civil Procedure, pre-filing knowledge of the patent must be established before a claim of induced infringement may succeed."); *See also Simplivity Corp. v. Springpath, Inc.*, No. CV 4:15-13345-TSH, 2016 WL 5388951, at *9 (D. Mass. July 15, 2016); *Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299 at *3 (W.D. Tex. June 17, 2011) ("To the extent [plaintiff] relies on knowledge of [plaintiff]'s patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement."); *Xpoint Techs., Inc. v. Microsoft Corp.,* 730 F. Supp. 2d 349, 357 (D. Del. 2010) (dismissing claims of indirect infringement because "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement"). Because BTL relies only on post-filing knowledge, its claims for induced infringement should be dismissed.

      b.   The Complaint Fails to Plead that Rejuva Knowingly Induced a Third-Party to Infringe the Patent

With respect to its allegations regarding induced infringement, the Complaint fails to allege anything which plausibly shows that Rejuva induced any third party to infringe the patent,

providing only conclusory attorney argument regarding a number of the claim limitations. *Select Retrieval, LLC v. L. L. Bean, Inc.*, No. 2:12-CV-00003-NT, 2012 WL 5381503, at *4 (D. Me. Oct. 31, 2012)( "The Complaint fails to supply any facts demonstrating the Defendant's knowledge and specific intent to encourage infringement… The Plaintiff's claim of induced infringement must be dismissed."); *Select Retrieval, LLC v. Bulbs.com Inc.*, No. CIV.A. 12-10389-TSH, 2012 WL 6045942, at *5 (D. Mass. Dec. 4, 2012)("Because the allegations fall woefully short of establishing a plausible claim for contributory infringement or infringement by inducement, as to these claims Bulb.com's motion to dismiss is allowed").

In particular, the Complaint admits it cannot identify any inducement (i.e. active encouragement) on any of Rejuva's website, marketing materials, and user manuals for a number of claim limitations relating to the specific operating parameters of the claimed methods and systems. Without clear, intentional, and active inducement to a third party, there cannot plausibly be induced infringement. *Cleveland Clinic Found.*, 859 F.3d at 1364 (Fed. Cir. 2017). BTL cannot point to any inducement, and thus cannot plausibly claim induced infringement. Specifically, BTL fails to identify any inducement for at least the following claim limitations of each patent having an allegation of induced infringement:

Claim 9 of the '852 Patent: "wherein the first magnetic field generating coil is configured to generate … a magnetic flux density in a range of 0.1 Tesla to 7 Tesla on a surface of the first magnetic field generating coil… wherein each of the plurality of pulses comprises a first plurality of pulses having a first repetition rate and a second plurality of pulses having a second repetition rate, wherein the first repetition rate differs from the second repetition rate." (Amended Complaint ECF. Doc. 16 at Para. 64).

Claim 1 of the '575 Patent: "wherein the first impulse of the first time-varying magnetic field and the first impulse of the second time-varying magnetic field each have a magnetic flux density in a range between 0.1 Tesla and 7 Tesla, and wherein the first impulse of the first time-varying magnetic field and the first impulse of the second time-varying magnetic field each have an impulse duration in a range between 3 µs and 3 ms"

5

Claim 1 of the '634 Patent: "applying a magnetic fluence of 50 T $cm_2$ to 1,500 T $cm_2$ to the body region." (Amended Complaint ECF. Doc. 16 at Para. 100).

Claim 12 of the '386 Patent: "a maximal value of a magnetic flux derivative between 2.5 kT/s to 150 kT/s." (Amended Complaint ECF. Doc. 16 at Para. 130).

"To establish literal infringement, every limitation set forth in a claim must be found in an accused product, exactly." *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995). The complaint admits that Rejuva does not induce the above noted elements for the asserted claims of the '852, '575, '634, and '386 Patents, and if these elements are missing, there can be no infringement because of the above noted "every limitation" rule. Therefore, there cannot plausibly be inducement of infringement.

With respect to the '852 Patent and '575 Patent, which relate to "a magnetic flux density in a range of 0.1 Tesla to 7 Tesla and …[pulse rate('852) or impulse time('575)]" (hereinafter the "Tesla limitations"), the Complaint cites to three different user manuals (Ex. O, P, and Q) which describe operational ranges which may partially overlap with the claimed limitations, but which are also operable well outside of these claimed ranges. Regarding two of the user manuals and pages (Professional EMSZERO NEO, Ex. Q; EMSZERO NEO, Ex P), the distinction is crystal clear: The citations provided in the Complaint point to operational ranges up to 14 Tesla (Ex. Q at 2) and 13 Tesla (Ex. P at 2). These are substantially outside of the claimed Tesla ranges. These citations cannot plausibly be considered an induced infringement, because the operational ranges of the accused devices are outside of the claimed ranges. **Where there are substantial non-infringing uses of an infringing product, "intent to induce infringement cannot be inferred**," even where the defendant has actual knowledge that some users may be infringing the patent. *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1329 (Fed. Cir. 2009) (citing *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1365 (Fed. Cir. 2003)). Operating outside of the claimed

6

ranges as discussed in the cited User Manuals is indisputably a non-infringing use. Accordingly, there is no active encouragement to operate the device as claimed. Without inducement of these missing claim elements, there can be no plausible claim for induced infringement because, again, to infringe the accused device or method of using the accused device must have each and every element of the patent claim. *Southwall Techs., Inc*, 54 F.3d at 1575.

Regarding the EMSLIM NEO device (Ex. O) while page 11 does note an intensity level of 7 Tesla, there is no mention in this document or any other documentation regarding the EMSLIM NEO device, nor does the complaint point to any, that induces infringement of the different pulse rates from different sources required by the '852 Patent, nor the specific impulse rate times required by the '575 Patent. Thus, the complaint does not plausibly point to any teaching that the EMSLIM NEO device meets these claim limitations nor that there is any inducement to an end user to operate the device within these operational ranges.

Turning to the '634 and '386 Patents, the Complaint cites to nothing that makes any reference to magnetic fluence nor magnetic flux density that could plausibly be considered inducement to infringe by using the accused devices in these manners. The complaint confirms this by stating that further discovery is needed. (*See* ECF. Doc. 16 at Paras. 100, 130). This in no way meets the pleading requirements for induced infringement.

Therefore, regarding the Tesla limitations and Magnetic Fluence/Flux limitations, the Complaint cites to Exhibits P, Q, and O and other equivalent operating range notes. Again, these are simply operational range listings which have a substantial scope outside of the claimed range, which cannot be used to infer induced infringement. In short, the Complaint confirms that Rejuva does not induce infringement because the accused devices have substantial non-infringing uses by

7

operating outside of the claimed ranges. Moreover, the complaint also conflates features of different devices to attempt to cobble together an induced infringement claim.

Further, BTL's citations to the user interfaces of the accused devices prove that a user cannot determine if the system is operating within any of the claimed ranges.

The complaint cites to the following user interface image:



(Amended Complaint ECF. Doc. 16 at Para. 68).

As can be seen in this image, there is not any display of units relating to flux, flux density, and the like. All of the user interfaces of the different accused devices similarly provide no readout or numerical indication of operational units. Therefore, a user cannot determine if the device is being used in an operational manner that could arguably meet any of the claimed operational ranges. This further shows the lack of any plausible claim of inducement because even Rejuva somehow encouraged infringement, an end user could not follow any of this so-called inducement to then operate the device to infringe because the user interface provides no indication of the operative Tesla, T, or kT/s units.

The Complaint's vague assertions that Rejuva induces its customers to infringe, without any citation to plausible evidence is insufficient to properly plead induced infringement. Therefore, BTL's induced infringement counts of the '852, '575, '634, and '386 Patents should be dismissed.

c. <u>The Complaint Fails to Plead that Rejuva had Specific Intent to Induce the Patent Infringement</u>

With respect to its allegations regarding induced infringement, the Complaint falls short of showing specific intent. The Complaint vaguely asserts that Rejuva induced users to infringe, but provides no evidence the Rejuva had the specific intent to induce users to practice the asserted claims.

Simply pleading that a defendant advertises or promotes its products generally is not sufficient. Pleading specific intent is a "demanding" requirement not satisfied by "unsubstantiated assertions." *Affinity Labs*, 2014 WL 2892285, at *7 (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006)). "Conclusory allegations, or legal conclusions masquerading as factual conclusions, will not suffice to prevent a motion to dismiss." *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-CV-00143-RP-JCM, 2017 WL 9477677, at *6 (W.D. Tex. Nov. 28, 2017). Rather, courts require the identification of a "particular statement or material" suggesting specific intent. *Dodots Licensing Sols. LLC v. Lenovo Holding Co.*, No. CV 18-098 (MN), 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018). Plaintiffs must point to advertising or promotional materials that "track the asserted patents" to support specific intent to induce infringement. *Memory Integrity LLC v. Intel Corp.*, 144 F. Supp. 3d 1185, 1195 (D. Or. 2015).

Here, the Complaint falls far short of these requirements. Regarding the inducement claims of the '852, '575, '634, and '386 Patents, the Complaint alleges no facts, nor support, that suggest

9

any connection between Rejuva and end users or customers to encourage them to even use the accused devices in any particular way, much less a specific intent to encourage acts of infringement. See Amended Complaint ECF. Doc. 16 at Paras. 55-136. The Complaint's conflation of different accused devices corresponding to different claim elements further demonstrates this shortcoming.

Regarding the above noted operational range limitations, the complaint generally alleges that Rejuva induces others to infringe by citing to website materials and user manuals. Specifically, user manuals such as Exhibits O, P, and Q.

However, these materials, at most, show how the accused devices work, not <u>how to use</u> the accused devices to allegedly <u>infringe</u>, and therefore cannot support an allegation of induced infringement. *See Memory Integrity*, 144 F. Supp. 3d at 1196 ("[T]he quotations do not teach how to use [the defendant's] products to infringe [the plaintiff's] patents, but simply describe how [the defendant's] products work."); *Dodots Licensing Sols. LLC*, 2018 WL 6629709, at *4 ("Although Plaintiff cites Defendants' website as support for its allegation, it does so generically and does not identify any particular statement or material that plausibly suggests Defendants intend to induce infringement of the Patents-in-Suit."); *IP Commc'ns Sols., LLC v. Viber Media (USA) Inc.*, No. CV 16-134-GMS, 2017 WL 1312942, at *4 (D. Del. Apr. 5, 2017) (plaintiff "only provides examples of webpages that relate to [defendant's] application and customers' interaction with the VoIP application. [Plaintiff] fails to allege facts supporting how [defendant] specifically instructed or directed customers to use the [defendant's] application and corresponding server system in a manner that would infringe the '071 patent."). Because BTL's factual allegations, even if accepted as true, would not meet the requirement of specific intent, all its induced infringement allegations fail and should be dismissed.

### 4. Conclusion

In conclusion, the Complaint fails to plausibly allege that Rejuva (1) had actual, pre-suit knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement. Therefore, Rejuva respectfully requests that Plaintiff's claims and allegations of induced infringement be dismissed with prejudice.

Dated: April 4, 2023.

Respectfully Submitted By,
Attorneys for Plaintiff
Rejuva Fresh, LLC

/s/ Brendan M. Shortell
Pro hac vice
/s/ Gary E. Lambert
Gary E. Lambert, Esq.
Maine Bar No. 006606
Lambert Shortell & Connaughton
100 Franklin Street, Suite 903
Boston, MA 02110
Main: (617)-720-0091
lambert@lambertpatentlaw.com
shortell@lambertpatentlaw.com

### CERTIFICATE OF SERVICE

I certify that I served the foregoing on counsel of record through the Court's ECF system.

Date: April 4, 2023.

/s/ Brendan M. Shortell