IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| **BTL INDUSTRIES, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**REJUVA FRESH LLC and POLLY JACOBS,**<br><br>Defendants. | Case No. 1:23-cv-00032-LEW |

### BLT'S REQUEST FOR ENTRY OF PARTIAL DEFAULT PURSUANT TO FED. R. CIV. P. 55(a)

Plaintiff BTL Industries, Inc. ("BTL") respectfully requests the Clerk enter a default pursuant to Fed. R. Civ. P. 55(a) against Defendant Rejuva Fresh, LLC ("Rejuva Fresh") on Counts VI – IX, which Rejuva Fresh neither answered nor moved to dismiss.

1. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

2. On January 24, 2023, Rejuva Fresh was served with the summons and complaint in this action. (ECF No. 9.)

3. Rejuva Fresh's answer deadline fell on February 14, 2023, before being extended to April 4, 2023 by orders following consent motions (ECF Nos. 10, 12, 14, 15), and by BTL's filing on March 21, 2023 of an Amended Complaint. (ECF No. 16.)

4. On April 4, 2023, Rejuva Fresh filed a motion to dismiss the claims of indirect patent infringement. (ECF No. 19.)

5. By its terms, the motion to dismiss relates only to the claims for patent

#15950075v2

infringement asserted by BTL (Counts I – V of the Amended Complaint). (ECF No. 19 at 1-2.)

6. Thus, even if the Court were to grant Rejuva Fresh's motion to dismiss in full, the following claims against BTL (collectively, the "Non-Patent Claims") would remain:

   a. Count VI: Trademark infringement under 15 U.S.C. § 1114.

   b. Count VII: Federal unfair competition, false designation of origin, and false advertising under 15 U.S.C. § 1125.

   c. Count VIII: Violation of the Maine Deceptive Trade Practices Act under 10 M.R.S. § 1211 *et seq*.

   d. Count IX: Common law trademark infringement and unfair competition.

*See* ECF No. 16 at 74-83.

7. Rejuva Fresh filed no responsive pleading to the Non-Patent Claims.

8. Rejuva Fresh did not move this Court for an extension of Rejuva Fresh's deadline to file a responsive pleading to the Non-Patent Claims.

9. Rejuva Fresh did not ask BTL for its consent to an extension of Rejuva Fresh's deadline to file a responsive pleading to the Non-Patent Claims. *See* Declaration of Chandrika Vira in Support of Request for Default ("Vira Declaration") ¶ 3.

10. BTL is being harmed on an ongoing basis by Rejuva Fresh's unfair trade practices and infringement of BTL's intellectual property rights, such as BTL's trademarks. *See generally* ECF No. 16; *see also* Vira Decl. ¶ 4.

11. The harm inflicted on BTL by Rejuva Fresh extends well beyond the infringement of BTL's patents. *See generally* ECF No. 16; *see also* Vira Decl. ¶¶ 5-6.

12. Without a responsive pleading from Rejuva Fresh admitting or denying the allegations related to the Non-Patent Claims and pleading any affirmative defenses that it intends

to assert to the Non-Patent Claims, BTL is unable to effectively draft discovery or to otherwise pursue its rights against Rejuva Fresh with respect to the Non-Patent Claims. Vira Decl. ¶ 7.

13. As a result of the failure of Rejuva Fresh to file a responsive pleading to the Non-Patent Claims, BTL has been prejudiced in pursuing its rights against Rejuva Fresh with respect to the Non-Patent Claims. *Id.* ¶ 8.

WHEREFORE, Plaintiff BTL Industries, Inc. requests the Clerk enter a default under Fed. R. Civ. P. 55(a) against Defendant Rejuva Fresh, LLC on the following counts, to which Rejuva Fresh has failed to plead or otherwise defend:

   a. Count VI: Trademark infringement under 15 U.S.C. § 1114.

   b. Count VII: Federal unfair competition, false designation of origin, and false advertising under 15 U.S.C. § 1125.

   c. Count VIII: Violation of the Maine Deceptive Trade Practices Act under 10 M.R.S. § 1211 *et seq*.

   d. Count IX: Common law trademark infringement and unfair competition.

Dated: April 17, 2023

*Of Counsel:*

J.C. Rozendaal (*pro hac vice*)
Chandrika Vira (*pro hac vice*)
Monica R. Talley (*pro hac vice*)
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Ave., NW, Suite 600
Washington, DC 20005
Telephone No.: (202) 371-2600
Facsimile No.: (202) 371-2540
jcrozendaal@sternekessler.com
cvira@sternekessler.com
mtalley@sternekessler.com

Respectfully submitted,

/s/ *Kyle M. Noonan*
Kyle M. Noonan
knoonan@pierceatwood.com
PIERCE ATWOOD LLP
Merrill's Wharf, 254 Commercial Street
Portland, ME  04101
Telephone No.: (207) 791-1100

*Attorneys for Plaintiff BTL Industries, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on the date indicated below I caused a copy of the foregoing pleading to be filed with the Court's ECF filing system, which will cause an electronic notice to be sent to counsel of record.

DATED:  April 17, 2023

                                          */s/ Kyle M. Noonan*
                                          Kyle M. Noonan
                                          PIERCE ATWOOD LLP
                                          Merrill's Wharf
                                          254 Commercial Street
                                          Portland, ME  04101
                                          knoonan@pierceatwood.com
                                          (207) 791-1100
                                          *Attorneys for Plaintiff*

15950075.2