IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| **BTL INDUSTRIES, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**REJUVA FRESH LLC and POLLY JACOBS,**<br><br>Defendants. | Case No. 1:23-cv-00032-LEW |

**BTL'S REPLY IN SUPPORT OF REQUEST FOR ENTRY OF
PARTIAL DEFAULT PURSUANT TO FED. R. CIV. P. 55(a)**

Rather than answer the claims that it did not move to dismiss, Rejuva Fresh continues to delay resolution of the claims against it, even as Rejuva Fresh escalates the harm to BTL by offering for sale additional devices that infringe BTL's patents. This Court should default Rejuva Fresh on the Non-Patent Claims—or, at a minimum, set a deadline for Rejuva Fresh to answer the Non-Patent Claims, so that discovery on those claims may proceed.

*First*, Rejuva Fresh points to Fed. R. Civ. P. 12(a)(4)(A) in support of its argument that filing a motion to dismiss as to one or more counts of a complaint automatically tolls the deadline for a defendant to answer the remaining claims. Nowhere does the language of this Rule suggest that it applies to *partial* motions to dismiss.

*Second*, the District of Maine authority cited by Rejuva Fresh is inapposite. In *U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust v. King*, the defendant (proceeding *pro se*) filed a "special deposit" that the Court construed as a motion to dismiss the lawsuit altogether, not as a partial motion to dismiss. No. 1:19-CV-00119-JDL, 2019 WL 4447957, at *1 (D. Me. Sept. 17, 2019). *Widi v. U.S. Dep't of Justice* is even less applicable.

No. 1:11-CV-00113-JAW, 2013 WL 503090, at *1 (D. Me. Feb. 11, 2013). In *Widi*, shortly before their responsive pleading deadline, defendants requested a four-day extension of that deadline, and then filed a motion to dismiss within that extended deadline. *Id*. The *pro se* plaintiff then requested a default. *Id*. The Magistrate Judge subsequently granted the motion to extend the deadline. *Id*. Again, there is no indication that the case involved a *partial* motion to dismiss.

*Third*, Rejuva Fresh mischaracterizes the relief BTL seeks, claiming that BTL has requested entry of a default *judgment*. (ECF No. 23 at 1). That is incorrect. BTL's motion requests, under Rule 55(a), that the Clerk enter Rejuva Fresh's default for the Non-Patent Claims due to Rejuva Fresh's failure to respond to those claims. Rejuva Fresh does not dispute that it will have to answer the Non-Patent Claims regardless of the outcome of its partial motion to dismiss. Bafflingly, Rejuva Fresh accuses BTL of seeking "to force Rejuva to spend more time and resources on this case." *Id.* But if BTL's motion is denied, Rejuva Fresh will still have to answer and defend the Non-Patent Claims. Yet rather than answer these claims now, Rejuva Fresh has instead invested in an opposition brief. Rejuva Fresh's continued refusal to answer the Non-Patent Claims serves only to delay BTL from prosecuting the Non-Patent Claims.

Rejuva Fresh's failure to respond to BTL's Non-Patent Claims continues to harm BTL—not just because Rejuva Fresh continues to market and sell the Accused Devices but because since BTL filed its Complaint, Rejuva Fresh has launched *additional* devices for sale that infringe on BTL's intellectual property rights, including the "EMShape Body Contouring Machine Professional."[1] *See* https://rejuvafresh.com/products/rejuvasculpt-emslim-neo-body-

---

[1] Rejuva Fresh's brazen conduct, even after being sued, makes Rejuva Fresh's accusation that BTL is acting in bad faith (ECF No. 23 at 4) particularly galling.

contouring-machine. The harm to BTL from Rejuva Fresh's actions continues to grow, even as Rejuva Fresh's refusal to answer the Non-Patent Claims delays BTL from seeking discovery or otherwise pursuing these claims.

Dated: May 4, 2023

*Of Counsel:*

J.C. Rozendaal (*pro hac vice*)
Chandrika Vira (*pro hac vice*)
Monica R. Talley (*pro hac vice*)
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Ave., NW, Suite 600
Washington, DC 20005
Telephone No.: (202) 371-2600
Facsimile No.: (202) 371-2540
jcrozendaal@sternekessler.com
cvira@sternekessler.com
mtalley@sternekessler.com

Respectfully submitted,

/s/ *Kyle M. Noonan*
Kyle M. Noonan
knoonan@pierceatwood.com
PIERCE ATWOOD LLP
Merrill's Wharf, 254 Commercial Street
Portland, ME 04101
Telephone No.: (207) 791-1100

*Attorneys for Plaintiff BTL Industries, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below I caused a copy of the foregoing pleading to be filed with the Court's ECF filing system, which will cause an electronic notice to be sent to counsel of record.

DATED: May 4, 2023

*/s/ Kyle M. Noonan*
Kyle M. Noonan
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME 04101
knoonan@pierceatwood.com
(207) 791-1100
*Attorneys for Plaintiff*