# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **BTL INDUSTRIES, INC.,** | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 1:23-cv-00032-LEW |
| | ) |
| **REJUVA FRESH LLC et al.,** | ) |
| | ) |
| Defendants | ) |

## RECOMMENDED DECISION ON MOTION FOR PARTIAL DEFAULT[1]

BTL Industries, Inc., moves for the entry of a partial default on the basis that Rejuva Fresh LLC has failed to timely respond to Counts VI-IX of BTL's complaint (ECF No. 16). *See* Motion for Entry of Partial Default (ECF No. 22); Fed. R. Civ. P. 55(a). Rejuva Fresh opposes the motion, arguing that its partial motion to dismiss (ECF No. 19) automatically tolled the answer deadline for the claims not subject to its motion to dismiss. *See* Opposition (ECF No. 23); Fed. R. Civ. P. 12(a)(4)(A). BTL disagrees and argues that Rejuva Fresh's delay in answering is causing BTL ongoing harm and needlessly delaying discovery. *See* Reply (ECF No. 25).

Under "modern procedure, defaults are not favored by the law and any doubts usually will be resolved in favor of the defaulting party." *Widi v. U.S. Dep't of Just.*, No. 1:11-cv-00113-JAW, 2013 WL 503090, at *1 (D. Me. Feb. 11, 2013) (cleaned up).

---

[1] Authority is somewhat mixed on whether a motion for default is dispositive. *See Ohai v. Delta Cmty. Credit Union*, No. 1:20-cv-02220-SCJ-AJB, 2020 WL 10227662, at *1 n.1 (N.D. Ga. Dec. 15, 2020) (rec. dec.) (collecting cases), *aff'd*, 2021 WL 2679033 (N.D. Ga. Jan. 13, 2021). As such, I have erred on the side of making a recommended decision.

1

Thus, although it "is unclear from the language of Rule 12(a) whether service of a Rule 12(b) motion directed at only parts of a [complaint] enlarges the period of time for answering the remaining portions of the [complaint]," the "majority rule" is that a partial motion to dismiss "suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."  5B Arthur R. Miller et al., *Federal Practice and Procedure* § 1346, Westlaw (database updated Apr. 2023) (collecting cases).

After considering the parties' arguments, I see no reason to depart from the majority rule that, under Rule 12(a), Rejuva Fresh's partial motion to dismiss tolled the time for it to answer the claims not subject to its motion.[2]  To hold otherwise "would require duplicative sets of pleadings in the event that the" motion to dismiss "is denied and cause confusion over the proper scope of discovery during the motion's pendency."  *Id.*  Accordingly, I recommend that the Court **DENY** BTL's motion for partial default.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

---

[2] *Wright & Miller* identifies only one case where a court has refused to apply Rule 12(a)'s enlargement of time in the context of a partial motion to dismiss: *Gerlach v. Mich. Bell Tel. Co.*, 448 F. Supp. 1168, 1174 (E.D. Mich. 1978).  *See* 5B *Federal Practice and Procedure* § 1346 n.17.  But since "the issuance of the *Gerlach* decision, no court has relied on its reasoning or followed its ruling." *Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 122 (D. Mass. 2001); *see also Gruber v. Tenn. Bd. of Trs.*, No. 2:21-CV-00039, 2022 WL 256295, at *1 (M.D. Tenn. Jan. 26, 2022) ("[*Gerlach*] seemingly stands alone like an Appaloosa in a herd of Thoroughbreds, and this Court declines to follow its lead." (cleaned up)).

***Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.***

Dated: May 23, 2023

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge