UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BTL INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 1:23-cv-00032-LEW |
| | ) |
| REJUVA FRESH LLC et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON MOTION FOR ALTERNATIVE SERVICE**

BTL Industries, Inc., seeks authorization under Fed. R. Civ. P. 4(f)(3) to serve defendant Polly Jacobs by sending its summons and complaint (ECF No. 16) to an email address she listed in recent corporate filings. *See* Motion (ECF No. 21). It contends that service by email is warranted because Jacobs's counsel has twice refused to waive service on her behalf and, when service was attempted at her business address in Ellsworth, her family members indicated that she currently lives in Singapore. *See id.* at 1-8; ECF Nos. 21-1 to 21-6. It also emphasizes that Jacobs is the sole owner of the already-served corporate defendant—Rejuva Fresh LLC—and must therefore be on notice of the claims against her as an individual. *See* Motion at 7.

Proving this last point to be true, Jacobs has made a filing opposing BTL's motion. *See* Opposition (ECF No. 26). She asserts that she actually lives in Thailand and argues that this Court should not authorize service by email because BTL has

1

made no attempt to serve her in that country via more traditional means.[1]  *See id.* at 2-3.

Rule 4(f) outlines various methods for serving someone in a foreign country, including Rule 4(f)(3), which authorizes courts to order that service be made by "other means not prohibited by international agreement."  "Courts have interpreted Rule 4(f) to give no preference to the methods of service permitted in its scope," and service "under Rule 4(f)(3) is not a disfavored process and should not be considered extraordinary relief"—the "only proscription on the district court's discretion under Rule 4(f)(3) is that the method not be prohibited by international agreement." 4B Adam N. Steinman, *Federal Practice and Procedure* § 1134, Westlaw (database updated Apr. 2023).

Here, BTL cites authority, *see* Reply (ECF No. 28) at 2, indicating that "there is no service treaty between the United States and . . . Thailand" and, therefore, that "there is no international agreement prohibiting service by e-mail" in that country, *Adidas AG v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 19-cv-61264-UU, 2019 WL 7841807, at *2 n.3 (S.D. Fla. May 22, 2019).

Jacobs does not cite any authority to the contrary, but she does argue that "BTL has presented no basis for not trying to serve" her in Thailand and therefore has failed to show that the Court's intervention under Rule 4(f)(3) is warranted.[2]

---

[1] Jacobs also opposes BTL's motion by arguing that she is not a proper defendant and that BTL is improperly attempting to pierce the corporate veil.  *See* Opposition at 2. I have disregarded this argument—and BTL's rejoinder—because the underlying merits of BTL's claims are irrelevant to the issue of service of process.

[2] Jacobs does cite two cases for the proposition that "[a]lternative service is inappropriate where plaintiff has made no attempt to serve defendant and defendant is not evading service," Opposition at 2-3, but both are distinguishable from the circumstances of this case, *see Owen v. Sports Gymnastics*

Opposition at 3. Her argument refers to a line of cases where courts have "held that, in order to invoke Rule 4(f)(3), plaintiffs must show that they have made other reasonable efforts to effect service and the circumstances require the court's intervention." 4B *Federal Practice and Procedure* § 1134; *see, e.g.*, *Ahkeo Labs LLC v. Plurimi Inv. Managers LLP*, No. 1:17-CV-1248, 2017 WL 2793918, at *2 (N.D. Ohio June 26, 2017).

Assuming without deciding that such a showing is necessary[3], I conclude that BTL has shown reasonable efforts to serve Jacobs and that the circumstances warrant the Court's intervention. Before filing its motion to serve Jacobs by email, BTL repeatedly attempted to have Jacobs waive service through counsel, attempted to serve her at her business address, and eventually learned that she was residing outside the United States; these efforts seem reasonable enough, all things considered, and forcing BTL to attempt to serve Jacobs in Thailand would be a waste of time and money given that she is clearly already aware of the suit against her. I will therefore exercise my discretion under Rule 4(f)(3) to authorize service of Jacobs by email.

---

*Fed'n of Russia*, No. 1:12-cv-00034-NT, 2012 WL 346661, at *1-2 (D. Me. Jan. 31, 2012) (denying a request to serve a Russian corporation by email and fax under Rule 4(f)(3) where the plaintiff failed to show, among other things, that such service was not prohibited by international agreement); *Orsi v. Falah*, No. 11-10451-DPW, 2012 WL 4469120, at *1, 4 (D. Mass. Sept. 25, 2012) (denying a Rule 4(f)(3) motion to serve a member of the United Arab Emirates royal family by alternate means due to concerns about minimizing offense to foreign jurisdictions).

[3] Not all courts have required such a showing. *See, e.g.*, *I.M. Wilson, Inc. v. Otvetstvennostyou "Grichko"*, No. 18-5194, 2018 WL 6446601, at *2 (E.D. Penn. Dec. 10, 2018) ("The decision of whether to allow alternative service of process under [Rule 4(f)(3)] is committed to the sound discretion of the district court and the district court may, but need not, require the parties to show that they have attempted service and still require court intervention." (cleaned up)).

I will not, however, grant BTL's further request that it be awarded fees and expenses on the basis that Jacobs's refusal to waive service was without good cause. *See* Motion at 8-9. Even assuming Jacobs lacked good cause to refuse to waive service, she is not subject to the usual cost-shifting consequences because she is not located within the United States. *See* Fed. R. Civ. P. 4(d)(2) (providing that if "a defendant *located within the United States* fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose" certain costs on the defendant (emphasis added)); Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment (noting that there are no "adverse consequences to a foreign defendant" for declining to waive service because "the provisions for shifting the expense of service to a defendant that declines to waive service apply *only if the plaintiff and the defendant are both located in the United States*" (emphasis added)); *Virtual Point, Inc. v. Hedera AB*, No. 13-CV-5690 YGR, 2014 WL 1729025, at *3 (N.D. Cal. Apr. 29, 2014) ("[B]y its terms, [Rule 4(d)(2)] does not apply to a defendant located in a foreign country. [The plaintiff] offers no authority that would permit it to obtain its attorney's fees or costs in these circumstances."); *BDL Int'l v. Sodetal USA, Inc.*, 377 F. Supp. 2d 518, 521 n.5 (D.S.C. July 21, 2005) ("[F]oreign defendants can fail to comply with a request to waive service and still avoid paying for service."); *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 951 (7th Cir. 2000) ("Rule 4(d)(2) provides foreign defendants the ability to waive service but exempts them from costs for a failure to execute the waiver."); *Steinberg v. Quintent Publ'g Ltd.*, No. 98 CIV. 3348(DLC), 1999 WL 459809, at *2

(S.D.N.Y. June 29, 1999) ("[The plaintiff] cannot recover costs for [the foreign defendant's] failure to waive formal service."); *see also Brockmeyer v. May*, 383 F.3d 798, 807-08 (9th Cir. 2004) (noting that, as originally proposed in 1989, "Rule 4(d) would have assessed costs incurred in effecting service against all defendants who failed to waive service, including defendants outside the United States" but that the rule was revised "to eliminate the provision assessing costs of service against foreign defendants that decline to waive service" primarily because the "British government strongly objected to assessment of costs against non-waiving defendants living in the United Kingdom").

To the extent BTL attempts, *see* Motion at 9 & n.6, to get around this geographic limitation by invoking Rule 4(d)(1), which provides that an individual subject to service under Rule 4(f) "has a duty to avoid unnecessary expenses of serving the summons," I am not persuaded. To interpret Rule 4(d)(1) in the way that BTL seeks would render the limitation in Rule 4(d)(2) meaningless and run contrary to the ordinary rules of statutory interpretation. *See Mosquera-Perez v. INS*, 3 F.3d 553, 556 (1st Cir. 1993) ("A familiar canon of statutory construction cautions the court to avoid interpreting a statute in such a way as to make part of it meaningless." (cleaned up)). Moreover, BTL cites no caselaw supporting such an interpretation.

For all these reasons, BTL's motion is **GRANTED** to the extent that it seeks authorization to serve Jacobs by email but **DENIED** to the extent that it seeks to be reimbursed for fees and costs based on Jacobs's refusal to waive service. I hereby

5

**ORDER** BTL to serve Jacobs by emailing her a copy of the summons, the complaint, and this order at the email address identified in BTL's motion.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: June 2, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge