UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| BTL INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00032-LEW |
| | ) | |
| REJUVA FRESH LLC and | ) | |
| POLLY JACOBS, | ) | |
| | ) | |
| Defendants | ) | |

## DECISION AND ORDER

Plaintiff BTL Industries, Inc., holds patents pertaining to the use of "focused electromagnetic technology in non-invasive aesthetic body-contouring devices." Am. Compl. ¶ 2. BTL markets the devices under various trademarks, including the "EMSCULPT" and "EMSCULPT NEO" mark. Among other claims, BTL alleges that Defendants Rejuva Fresh LLC and Polly Jacobs infringe its patents by importing, offering for sale, or selling competing devices that infringe BTL's patents. *Id.* ¶ 3.

The matter is before the Court on Defendant Rejuva Fresh LLC's Motion to Dismiss Claims of Indirect Infringement (ECF No. 19) and Defendant Polly Jacobs's Motion to Dismiss (ECF No. 33). With the former motion, Rejuva Fresh contends that the Amended Complaint fails to state claims of induced infringement. With the latter motion, Ms. Jacobs contends that she is not properly made a party defendant because she is protected by the Rejuva Fresh corporate veil.

A.      **Motion to Dismiss Claims of Indirect Infringement**

Counts I through V of the Amended Complaint assert claims of infringement against Rejuva Fresh and Polly Jacobs—one count for each patent-in-suit.[1] Each count describes one exemplar claim from each patent by providing each of the claim's limitations and alleges that the Rejuva Fresh devices include the limitations of the claim. Each count alleges that Rejuva Fresh and Jacobs necessarily induced infringement by end users because the basic use and/or the instructed use of the Rejuva Fresh devices infringes at least one claim of each of the patents-in-suit.

Rejuva Fresh and Polly Jacobs argue that BTL has failed to allege a plausible claim of induced infringement because it would be unreasonable to infer the existence of (1) pre-suit knowledge on their part of the patents-in-suit, (2) actions on their part amounting to encouragement of direct infringement by others, and (3) specific intent to cause infringement.

The Patent Act prohibits direct infringement of a patent by providing that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). The Patent Act also provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." *Id.* § 271(b). A claim of induced infringement is only viable in a case in which there is actual, underlying direct infringement. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 925 (2014). "In addition to showing

---

[1] Counts VI through IX assert claims under other statutes and are not at issue for purposes of this motion.

direct infringement . . . the patentee must also show that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, 30 F.4th 1339, 1351 (Fed. Cir. 2022) (internal quotation marks omitted). Whether the additional requirements of an induced infringement claim are met is a question of fact. *Id.*

BTL alleges that Defendants' promotion of the devices and the provision of instructions for the devices' use have resulted in customer use that necessarily amounts to direct infringement of the identified claims. Through a letter dated July 14, 2022, BTL informed Rejuva Fresh of its contention that the Rejuva Fresh's devices infringe its patents and provided Rejuva Fresh with a link to a webpage that publishes BTL's patents for its EMSCULPT device. BTL also alleges that marketing and instructional materials created by Rejuva Fresh not only crib language found in BTL's materials but also describe the technology as patented and occasionally even use the EMSCULPT mark.

For purposes of pleading, the Federal Rules of Civil Procedure require "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2). To make the requisite showing, the complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausible "means something more than merely possible," *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012), but is "not akin to a probability requirement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). In applying this standard, the Court will accept all factual allegations as true and consider whether the facts, along with reasonable inferences that may arise from them, describe a

plausible, as opposed to merely conceivable, claim. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011); *Sepúlveda–Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010).

Based on my reading of the Amended Complaint, it is plausible that Defendants knowingly induced infringement and possessed specific intent to encourage customer infringement through the use of the Rejuva Fresh products. A finding of such knowledge and intent might be based on either BTL's July 14, 2022, letter or Defendants' alleged use of BTL's materials, or both. The letter plausibly educated Defendants about the alleged patent infringement to a sufficient degree to support a finding of knowledge and intent. Moreover, the alleged use of or cribbing of BTL materials plausibly suggests that Defendants were already aware of and intended to infringe BTL's patents. Defendants' more technical contentions (Mot. at 6–8) that the inducement claims are undone by the potential for a customer to use one of their devices "in professional mode" at a "magnetic flux density" setting (or other setting) falling outside the parameters taught by BTL's patent claims can be revisited after discovery, although the contention appears to be an inaccurate statement of the law.[2]

**B.     Jacobs's Motion to Dismiss**

Polly Jacobs is the sole member of Rejuva Fresh LLC. Following Rejuva Fresh's filing of a corporate disclosure statement so stating, BTL amended its complaint to include Jacobs as a party defendant. To support the amendment, BTL alleges on information and

---

[2] *See Sanofi v. Watson Lab'ys Inc.*, 875 F.3d 636, 646 (Fed. Cir. 2017); *Cleveland Med. Devices Inc. v. ResMed Inc.*, No. 22-CV-794, 2023 WL 6389628, at *3 (D. Del. Oct. 2, 2023).

belief that Jacobs is the "moving, conscious, and active force behind Rejuva Fresh's infringing conduct" (Compl. ¶ 46) because she is the sole owner and officer; participates directly in responding to customer concerns; and exercises exclusive authority over wholesale purchases, the importation of infringing devices, and the design and content of promotional and instructional materials. BTL also alleges that Jacobs maintains a personal residence at Rejuva Fresh's Ellsworth location. (*Id.* ¶¶ 46–53.) BTL asserts all nine of its counts against Jacobs.

Through her Motion to Dismiss, Jacobs argues that the claims must be dismissed as to her because BTL has not plausibly alleged grounds for piercing the corporate veil. Jacobs's Motion to Dismiss (ECF No. 33). BTL disagrees, arguing that its allegations suffice to state plausible claims for relief under the applicable statutes.

"Infringement is a tort and officers of a corporation are personally liable for tortious conduct of the corporation if they personally took part in the commission of the tort or specifically directed other officers, agents, or employees of the corporation to commit the tortious act." *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1579 (Fed. Cir. 1986) (internal citation omitted) (patent infringement case). "The cases are legion in which courts have recognized and imposed personal liability on corporate officers for participating in, inducing, and approving acts of patent infringement." *Id.* Thus, "a corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing of the corporate veil." *Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1994) (trademark case).

5

Although the standard for personal liability is easier to meet in these kinds of cases, it is not a foregone conclusion that the recitation of such language concerning a corporate officer based on information and belief will suffice for purposes of the plausibility standard. *See, e.g.*, *Segment Consulting Mgmt., Ltd. v. Bliss Nutraceticals, LLC*, No. 20-CV-1837, 2022 WL 252309, at *6 (N.D. Ga. Jan. 27, 2022); *Diaz v. Doctors Best Weight Loss & Wellness Ctr., LLC*, No. 21-CV-22386, 2021 WL 4502292, at *7 (S.D. Fla. Oct. 1, 2021); *Steven Madden, Ltd. v. Jasmin Larian, LLC*, No. 18-CV-2043, 2019 WL 294767, at *4 (S.D.N.Y. Jan. 22, 2019). Nevertheless, it is at least plausible to infer that a corporate officer was the "'moving, active[,] conscious force" behind a company's infringement when the officer 'was either the sole shareholder and employee, and therefore must have approved of the infringing act, or a direct participant in the infringing activity.'" *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp. 3d 137, 155 (E.D.N.Y. 2016) (alteration in original) (quoting *Chloe v. Queen Bee of Beverly Hills, LLC*, No. 06-CV-3140, 2011 WL 3678802, at *4 (S.D.N.Y. Aug. 19, 2011)).

The plausibility standard allows for information and belief pleadings to state a claim. *See, e.g.*, *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). However, "[t]he mere fact that someone believes something to be true does not create a plausible inference that it is true." *In re Darvocet, Darvon, & Propoxyphene Prod. Liab. Litig.*, 756 F.3d 917, 931 (6th Cir. 2014). Information and belief allegations are typically reviewed with greater favor when "the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records*, 604 F.3d at 120 (internal citation omitted).

6

Based on my review of the Amended Complaint's allegations, I am persuaded that it is a plausible inference to draw that Jacobs is the moving, active, conscious force behind Rejuva Fresh and, by extension, the events that give rise to this action based. I base the finding on her status as the sole shareholder, the evidence that she participates in routine activity normally expected of a corporate employee, like responding to customer feedback, and the fact that the extent of her involvement is a mater peculiarly within the possession of the Defendants. The inference is sufficient to overcome Jacobs's challenges as to both direct and indirect claims.

## CONCLUSION

For the reasons set forth above, the Motions to Dismiss (ECF Nos. 19 and 33) are DENIED.

**SO ORDERED**.

Dated this 18th day of October, 2023.

    /s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE